IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VinFast Manufacturing US, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>Liberty Mutual Insurance Company,<br><br>    Defendant. | Case No.<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

Plaintiff VinFast Manufacturing US, LLC ("VinFast" or "Plaintiff") brings this action against Liberty Mutual Insurance Company ("Liberty" or "Defendant") (together, the "Parties") and alleges the following:

## NATURE OF THE ACTION

1. This action seeks to hold Liberty accountable for its failure to honor its obligations under Deposit Bond No. 285070437, as amended by riders with effective dates of October 27, 2023 and January 26, 2024 (together, the "Deposit Bond"). A copy of the Deposit Bond is attached as Appendix 1. Liberty's failure constitutes a breach of its contractual obligations to VinFast. VinFast seeks an order of specific performance requiring Liberty to comply with its contractual obligations or, in the alternative, an award of damages compensating VinFast for Liberty's breach.

## THE PARTIES

2. VinFast is a limited liability company formed under the laws of North Carolina with offices in Raleigh, North Carolina.

3. On information and belief, Liberty is a Massachusetts stock insurance company with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over both parties because the Parties submitted in the Deposit Bond to the jurisdiction of any of the state or federal courts of North Carolina.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(2) because Liberty is a citizen of Pennsylvania and Massachusetts, VinFast is a citizen of a foreign State, and the amount in controversy exceeds $75,000. "For purposes of diversity jurisdiction,

the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011). If any member of a limited liability company is itself a limited liability company, such sub-member has the citizenship of each of its members. *BRT Management LLC v. Malden Storage LLC,* 68 F.4th 691, 696 (1st Cir. 2023). VinFast is a limited liability company wholly owned by VinGroup USA, LLC, which in turn is wholly owned by VinFast Auto Ltd. VinFast Auto Ltd. is incorporated in Singapore and has its principal place of business in Vietnam. Accordingly, VinFast is a citizen of a foreign state for purposes of diversity jurisdiction.

6. Venue is proper because the Parties stipulated in the Deposit Bond that the venue for any dispute shall be in any of the state or federal courts of North Carolina. Venue is also proper pursuant to 28 U.S.C. § 1391(d), or, in the alternative, 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

### I. The Deposit Bond.

7. Liberty issued Deposit Bond No. 285070437 as of October 9, 2023, on behalf of Clayco, Inc. ("Clayco") as Principal for the benefit of VinFast as Obligee in the sum of $10,000,000, which was subsequently increased to $40,000,000 by riders effective October 27, 2023 and January 26, 2024. The purpose of the Deposit Bond is to save VinFast harmless against any and all losses that may result from the failure of Clayco to comply with the terms and conditions of its contract with VinFast to serve as Construction Manager for the construction of a new electric vehicle manufacturing plant in Moncure, North Carolina (the "Contract") as it pertains to the Deposit Payment (as defined in paragraph 9 below). The Deposit Payment is also referred to as the Deposit Account.

8. The Contract consists of a Standard Form of Agreement Between Owner and Construction Manager as Constructor ("Form of Agreement") based on American Institute of Architects ("AIA") Document A133-2019 executed as of December 1, 2022, and General Conditions of the Contract for Construction ("General Conditions") based on AIA Document A201-2017. The Contract is attached as Appendix 2.

9. Section 6.1.1.1 of the Form of Agreement required VinFast to pay $40,000,000 into an account to be held by Clayco in one or more segregated bank accounts as collateral for VinFast's payment obligations under the Contract (the "Deposit Payment" or "Deposit Account"). The Deposit Account was to be held by Clayco in trust for the benefit of VinFast. (Form of Agreement § 6.1.1.4.) Clayco was permitted to withdraw from the Deposit Account only to the extent VinFast failed to make payments owed under the Contract in accordance with Article 9 of the General Conditions. (*Id*. § 6.1.1.5.) Upon Final Completion of the Work or termination of the Contract, whichever occurs first, Clayco was required to return all funds remaining in the Account. (*Id*. § 6.1.1.6.)

10. Paragraph 1 of the Deposit Bond states:

> The Surety shall only make payments under this Bond upon receipt by the Surety of a written demand for a specified sum, which demand is signed by a duly authorized officer of the Obligee, and which demand sets forth the reasons for the claim pursuant to the terms and conditions of the Contract. Said written demand shall be accompanied by the following documents:
>
> a) A copy of the written notice previously sent by the Obligee to the Principal, which document specifically states that the Principal is in breach of the Contract and there is a formal request to remedy the breach; and
>
> b) A copy of the letter signed by a duly authorized officer of the Obligee certifying that the Principal has failed to remedy the default within the Contract time period permitted for remedial action; and

        c) A copy of the written notice sent by the Obligee to the Principal stating the Obligee's intent to claim pursuant to the terms of this Bond, on account of the Principal's failure to remedy the default.

11. Paragraph 2 of the Deposit Bond states: "Except for the documentation required pursuant to Paragraph 1 above, no other documents or other action shall be required for the Obligee to make claim under this Bond, notwithstanding any applicable law or regulation."

## II. VinFast Made a Valid Written Demand on the Deposit Bond.

12. By letter dated November 18, 2024, VinFast made a valid written demand for payment on the Deposit Bond in the amount of $25,081,766.41 (the "Demand Letter"). VinFast's Demand Letter was delivered to Liberty by registered mail on November 22, 2024 at 9:48 am. The Demand Letter is attached as Appendix 3. The Deposit Bond is Exhibit A to the Demand Letter. Exhibits B, C, and D to the Demand Letter are:

    a. A copy of the written notice sent to Clayco dated November 7, 2024, specifically stating that Clayco is in default of the Contract and formally requesting that it remedy the default (the "Demand Notice");

    b. A copy of the letter dated November 15, 2024, signed by a duly authorized officer of VinFast certifying that Clayco has failed to remedy the default within the time period permitted for remedial action (the "Certification Letter"); and

    c. A copy of the written notice dated November 18, 2024, sent by VinFast to Clayco stating VinFast's intent to claim pursuant to the Deposit Bond on account of Clayco's failure to remedy its default (the "Claim Notice").

13. The Demand Notice notified Clayco that it was in breach of the Contract for wrongfully withdrawing $25,081,766.41 from the Deposit Payment. The Demand Notice

- 5 -

explained that Clayco wrongfully terminated the Contract, submitted a baseless invoice for $25,081,766.41, including more than $20 million for overhead and profit on work not executed; and then wrongfully withdrew funds from the Deposit Payment in the full amount of its baseless invoice before the due date of the invoice and despite the fact that VinFast previously notified Clayco that the invoice was disputed.

14. Specifically, the Demand Notice explained that:

    a. On June 28, 2024, Clayco purported to terminate the Contract pursuant to Section 14.1.2 of the Form of Agreement on the basis that, according to Clayco, there had been "repeated suspensions, delays, or interruptions of the entire Work by the Owner, as described in Section 14.3," for "more than 120 days in aggregate over the past 365-day period." Clayco did not identify any of the purported suspensions, delays, or interruptions, or provide any evidence to support its contention that they had occurred. In fact, the entire work had not been suspended, delayed or interrupted by VinFast in the preceding 365-day period.

    b. On August 26, 2024, Clayco delivered its purported Final Payment Invoice in the amount of $25,081,766.41, which stated that payment was due within 45 days (i.e., on or before October 10, 2024). Clayco's invoice included a charge of $20,469,540.29 for overhead and profit on work not executed. Clayco stated that it was entitled to overhead and profit on work not executed under Section 14.1.3 of the General Conditions. However, Section 14.1.3 of the General Conditions is a nullity. The Form of Agreement divides the work between a Preconstruction Phase and a

Construction Phase, and states that only specifically identified provisions of the General Conditions apply during the Preconstruction Phase, not including Section 14.1.3. (Form of Agreement § 2.3.1.) Section 3.3.1.2 of the Form of Agreement states that the Construction Phase would commence "upon the mutual execution of the Guaranteed Maximum Price Amendment or, prior to acceptance of the Guaranteed Maximum Price proposal, by written agreement of the parties." Clayco and VinFast never executed a Guaranteed Maximum Price Amendment or other written agreement to commence the Construction Phase. Accordingly, Section 14.1.3 of the General Conditions never went into effect.

c. On September 20, 2024, VinFast notified Clayco that its Final Payment Invoice was under review and that no grounds exist for its $20,469,540.29 charge for overhead and profit on work not executed. Three days later, on September 23, 2024, Clayco purported to reissue its Final Payment Invoice and retroactively reduce the payment period from 45 days to 30 days, which would have made payment due two days later on September 25. VinFast responded on September 24, 2024, disputing Clayco's termination of the Contract and its unilateral and retroactive amendment of the due date for its Final Payment Invoice. VinFast stated that Clayco had no valid basis to deduct funds from the Deposit Account in satisfaction of its invalid Final Payment Invoice, and that any such deduction would constitute a breach of Clayco's fiduciary obligations under the Contract.

    d.       On September 26, 2024, Clayco wrongfully withdrew $25,081,766.41 from the Deposit Account in purported satisfaction of its Final Payment Invoice, notwithstanding that its Final Payment Invoice was invalid, in dispute, and not yet due by its own terms.

    e.       Clayco's conduct breached numerous provisions of the Contract, including Sections 5.1.1.1, 6.1.1.5, and 6.1.1.6 of the Form of Agreement.

    f.       VinFast demanded that Clayco remedy its breaches by returning all improperly withdrawn funds by November 13, 2024.

15. The Certification Letter is dated November 15, 2024, and signed by Nhung Tran, the Chief Executive Officer of VinFast. It certifies that Clayco failed to remedy its defaults within the time period permitted for remedial action.

16. The Claim Notice is dated November 18, 2024, and signed by Nhung Tran, the Chief Executive Office of VinFast. It notifies Clayco of VinFast's intent to make a claim against the Deposit Bond in the amount of $25,081,766.41.

### III. Liberty Breached the Deposit Bond by Failing to Make Payment in Accordance with VinFast's Valid Demand.

17. By letter dated November 27, 2024, Liberty acknowledged receipt of VinFast's Demand Letter. Liberty stated, however, that it "understands that Clayco asserts that it has liquidated some or all of the deposit payment in accordance with the terms and conditions of the Contract and/or VinFast is in default under an obligation to pay amounts to Clayco." Liberty stated that it will obtain information from Clayco to assist "Liberty's evaluation of whether any portion of the deposit payment has been wrongfully withheld and/or liquidated." Despite the statement in the Deposit Bond that "no other documents or other action shall be required for [VinFast] to make claim under this Bond," Liberty invited VinFast to submit additional

information to support its claim.  Liberty also stated that it did not receive the second page of VinFast's Demand Letter and requested that VinFast resend the full letter by email.

18. VinFast, through counsel, responded by email on December 4, 2024, attaching a full copy of the Demand Letter.  In addition, VinFast submitted evidence to Liberty showing that Clayco never identified any of the purported suspensions, delays, or interruptions that it cited as grounds for terminating the Contract, and that Clayco never provided evidence of any such suspensions, delays, or interruptions.  VinFast also submitted evidence to Liberty showing that Section 14.1.3—on which Clayco relies for its $20,469,540.29 claim for "overhead and profit on work not executed"—is null, void, and inapplicable.  Further, VinFast submitted evidence to Liberty showing that, after VinFast disputed Clayco's Final Payment Invoice, Clayco wrongfully withdrew funds from the Deposit Payment in full satisfaction of its invoice prior to the due date. VinFast requested that Liberty respond by December 13, 2024 confirming that it would honor VinFast's demand under the Deposit Bond.  VinFast also requested that Liberty share with VinFast any communications that it has had or may have with Clayco regarding the matter.

19. Liberty responded on December 11, 2024.  Liberty stated that it is "in the process of gathering and reviewing documents and information we requested from Clayco" and that it would contact VinFast when it concluded its investigation.  Liberty did not state what information it had requested or received, or what information it was still gathering.  Liberty did not state when it would conclude its investigation.  In addition, Liberty failed to respond to VinFast's request that it share with VinFast its relevant communications with Clayco.

20. VinFast wrote back to Liberty later in the day of December 11, 2024, stating that it would not wait indefinitely for Liberty to pursue its investigation and that Liberty's refusal to honor its contractual obligations in a timely manner amounts to a breach of those obligations.

VinFast requested that Liberty inform VinFast no later than December 20, 2024 whether it would honor VinFast's demand under the Deposit Bond.

21. Liberty responded by letter dated December 19, 2024 (which it sent by email on December 20, 2024), making several requests for irrelevant information and wrongly asserting that for VinFast to make a claim under the Deposit Bond it must demonstrate that the Deposit Payment "was not liquidated in accordance with the terms and conditions of the Contract **and** that VinFast was not in default under **any** obligation to pay amounts to Clayco." (Emphasis in original.)

22. VinFast responded through counsel by letter dated December 30, 2024, pointing out that Liberty's position conflicts with the unequivocal terms of the Deposit Bond. As noted, Liberty argued that, to make a claim under the Deposit Bond, VinFast must demonstrate that the Deposit Payment was not liquidated in accordance with the Contract and that VinFast was not in default under any payment obligation to Clayco. The Deposit Bond, however, states that "[e]xcept for the documentation required pursuant to Paragraph 1 above, no other documents or other action shall be required for the Obligee to make claim under this bond." Paragraph 1 to the Deposit Bond does not require VinFast to demonstrate that the Deposit Payment was not liquidated in accordance with the Contract and that VinFast was not in default under any payment obligation to Clayco. VinFast attached a form of Complaint for Breach of Contract against Liberty, and stated that it would proceed with filing an action to seek judicial redress unless Liberty agreed by January 6, 2025 to honor it contractual obligations.

23. Liberty replied by letter dated January 1, 2025. Liberty reiterated erroneous positions stated in its previous correspondence and continuing its refusal to honor its contractual obligations.

- 10 -

## CAUSE OF ACTION – BREACH OF CONTRACT

24. VinFast realleges and incorporates herein by reference each and every allegation set forth above.

25. The Deposit Bond is a valid and enforceable contract whereby Liberty is obligated to make payment to VinFast upon submission of a written demand that complies with the requirements set forth in paragraph 1 of the Deposit Bond.

26. By letter dated November 18, 2024, VinFast submitted a written demand in compliance with the requirements set forth in paragraph 1 of the Deposit Bond.

27. Liberty has refused to honor VinFast's demand under the Deposit Bond based on the assertion that it is evaluating whether Clayco wrongfully withheld and/or liquidated any portion of the Deposit Payment. Under the terms of the Deposit Bond, however, it is not VinFast's burden to show that Clayco has wrongfully withheld or liquidated a portion of the Deposit Payment.

28. The Deposit Bond states that Liberty "shall" make payment upon receipt of a compliant demand from VinFast, and that "Except for the documentation required pursuant to Paragraph 1 [of the Deposit Bond], no other documents or other action shall be required for [VinFast] to make a claim under this Bond." Liberty may refuse to make payment in response to a compliant demand only to the extent it correctly determines that the Deposit Bond became null and void because the Deposit Payment was liquidated in accordance with the Contract or because VinFast is in default of an obligation to pay amounts to Clayco under the Contract. Liberty does not purport to have made such a determination, nor would such a determination by Liberty have any merit.

29. Accordingly, Liberty's refusal to honor VinFast's demand constitutes a breach of contract.

30. As a result of Liberty's breach, VinFast has sustained damages in amount of $25,081,766.41, representing the amount of VinFast's compliant demand that Liberty has wrongfully refused to honor.

## PRAYER FOR RELIEF

31. WHEREFORE, VinFast respectfully requests the Court enter judgment in its favor as follows:

    a. Ordering specific performance by Liberty of its obligation under the Deposit Bond to make payment to VinFast in the amount of $25,081,766.41, or, in the alternative, awarding VinFast damages of not less than $25,081,766.41 to compensate it for the harm caused by Liberty's breach of the Deposit Bond;

    b. Awarding VinFast its costs and attorneys' fees incurred in this action;

    c. Awarding VinFast such other and further relief as the Court finds equitable, appropriate and just.

## JURY DEMAND

Please take notice that Plaintiff, VinFast Manufacturing US, LLC, demands a jury trial in this case.

- 12 -

Dated: January 8, 2025                                KING & SPALDING LLP

                                                      By: */s/ Antonio E. Lewis*
                                                          Antonio E. Lewis
                                                          alewis@kslaw.com
                                                          300 S. Tryon Street
                                                          Charlotte, NC 28202
                                                          Telephone:    +1 704 503 2551
                                                          Facsimile:    +1 704 503 2622

                                                          David L. Wallach  (*pro hac vice* forthcoming)
                                                          dwallach@kslaw.com
                                                          50 California St., Ste. 3300
                                                          San Francisco, CA
                                                          Telephone:    +1 415 318 1200
                                                          Facsimile:    +1 415 318 1300

                                                          Attorneys for Plaintiff
                                                          VinFast Manufacturing US, LLC,

- 13 -